Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 30 | DATE | 5/14/2003 |
| CASE TITLE | Gregory Porter vs. Warden John C. Battles | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the petition for habeas corpus.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 1 5 2003 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | 16 |
| | Copy to judge/magistrate judge. | | |
| | SCT courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY PORTER, )
)
        Plaintiff, )
)
vs. ) 03 C 0030
)
WARDEN JOHN C. BATTLES, )
)
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Gregory Porter's ("Porter") petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons stated below we deny the petition.

## BACKGROUND

Porter was convicted of first degree murder in a bench trial in the Circuit Court of Cook County, Illinois. He was sentenced to twenty years in prison and is currently in State custody. On September 15, 2000, an Illinois appellate court affirmed the conviction. On April 6, 2001, Porter filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122-1 *et seq.* which was denied on April 23, 2001, on the basis that the claims were frivolous and without merit. On March 22, 2002, an Illinois appellate



court affirmed the trial court's ruling and granted leave for Porter's attorney to withdraw as counsel. Porter then filed a petition for leave to appeal to the Illinois Supreme Court which was denied on October 2, 2002, and on January 2, 2003, Porter filed a petition for writ of habeas corpus with this court.

## LEGAL STANDARD

Where a petition for habeas corpus relief is brought by a prisoner convicted in a state court, a federal court shall review the state court's proceedings and shall grant habeas corpus relief only where the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## DISCUSSION

I. Presentation of False Testimony and Use of False Information

Porter contends that during his trial the prosecution offered witness testimony that it knew to be false. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959) (stating that there is a denial of due process if the state knowingly offers false evidence or fails to alert the court when evidence is discovered to be false). Porter argues that prosecution witnesses David Miller ("Miller") and Rhonda Pickens presented false testimony.

Porter has not shown that any of the testimony given by prosecution witnesses was false or that the prosecution had any knowledge that any of its witnesses committed perjury. Porter also contends that the prosecution used false evidence at trial such as a non-existent trial transcript. Absent a showing of cause and prejudice, a federal claim that was not presented in state court cannot be the subject of a 28 U.S.C. § 2254 habeas review. *Rodriguez v. McAdory*, 318 F.3d 733, 735 (7th Cir. 2003). Porter did not raise this issue in his post-conviction petition and he has not shown cause or actual prejudice. Therefore, Porter procedurally defaulted this claim.

II. Ineffective Assistance of Counsel

Porter claims that he received ineffective assistance of counsel at trial. Because assistance of counsel is presumed effective, a party bears a "heavy burden" in establishing ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the petitioner's defense that the trial was unfair and the result was thus unreliable. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). In assessing counsel's performance, we "evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of

reasonable professional assistance." *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (quoting *Strickland*, 466 U.S. at 689)). If the record supports a finding of substandard performance, we then determine whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1210 (7th Cir. 1994) (quoting *Strickland*, 466 U.S. at 695).

Porter claims that his counsel should have investigated prosecution witness Miller's claim of memory loss while on the stand. Porter claims that his counsel should have moved to suppress Miller's statements based on their lack of credibility. First, it is within the purview of the finder of fact at trial to assess the credibility of witnesses. Second, although the Illinois appellate court questioned whether or not Miller actually had a memory loss on the stand, the court concluded that, regardless, there was sufficient evidence to prove Porter guilty beyond a reasonable doubt. We agree. We find that Porter has not met his burden in showing that he received ineffective assistance of counsel.

### III. Violation of the Speedy Trial Act

Porter argues in his petition that the Illinois Speedy Trial Act was violated because he was not tried within 120 days from the date that he was taken into custody. However, whether or not there was a violation of the Speedy Trial Act is a state issue

rather than a federal issue. Porter has not shown that there was an unreasonable determination by the state court in regards to a violation of the Speedy Trial Act.

IV. Abuse of Process Claim

Porter claims that the arresting officials failed to warn him of his rights in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966), before they questioned him. However, Porter was read his rights when he was arrested and he has not shown that there was an unreasonable determination by the state court in this regard. Porter also complains that the police held him for a "lengthy time" without transferring him to the court in which the arrest warrant was issued. Porter has not provided the specific length of time that he was held before being transferred to the court, and he has not shown that any of his state or federal rights were violated as a result of his detention. Porter also complains that he filed a motion to receive common law records, but has not yet received them. This is a state matter and not appropriate for habeas corpus review.

## CONCLUSION

Based on the foregoing analysis we deny the petition for habeas corpus.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAY 1 4 2003